IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

MIGUEL KERCHEVAL,

        Defendant.
_____/

CIV. NO. S-11-1528 EJG
CR. NO. S-07-0074 EJG

ORDER DIRECTING UNITED STATES TO FILE A RESPONSE

    Defendant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant was sentenced November 19, 2008, and judgment was entered November 25, 2008. The § 2255 motion was not filed until June 6, 2011. Although filed more than one year after entry of judgment, the motion is timely.[1]

---

[1] A conviction is final after judgment has been entered, the availability of appeal has been exhausted, and the time for filing a certiorari petition has elapsed or the petition has been denied. See Griffith v. Kentucky, 107 S.Ct. 708, 712 n.6 (1987). In the instant case, defendant's conviction was affirmed on appeal December 23, 2009, and the mandate issued March 12, 2010. Thereafter, he had 90 days (June 12, 2010) in which to file a petition for certiorari. His section 2255 petition, filed June 6, 2011, was within the one-year statute of limitations.

Defendant's motion raises a single issue of ineffective assistance of counsel relating to the length of defendant's sentence.  The United States is directed to file a response to the motion within 30 days from the filing date of this order. Defendant may file a reply within 30 days after service of the response.  The matter will stand submitted upon receipt of the last brief. The court is mindful that the government may need additional time to respond to the motion in order to obtain a declaration from defense counsel.[2] Requests for extensions of time, by either party, will be considered by the court on an individual basis.

IT IS SO ORDERED.

Dated: June 14, 2011

/s/ Edward J. Garcia
U. S. DISTRICT JUDGE

---

[2] By attacking his attorney's performance, defendant has necessarily waived the attorney-client privilege.  Wharton v. Calderon, 127 F.3d 1201 (9th Cir. 1997).  The extent of the waiver is determined by the nature of the claim.  Here, defendant contends counsel was ineffective for failing to seek a downward departure for time he spent in custody following his arrest in 2006.  Accordingly, the waiver is limited to discussions counsel may have had with defendant on that issue.

2