UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>MIGUEL KERCHERVAL,<br><br>　　　　　Defendant/Movant. | No. 2:07-cr-0074 WBS DB 1<br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding with a motion to vacate, modify, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant challenges his 2008 sentence of 188 months on convictions for three counts of unarmed bank robbery and one count of bank robbery involving assault. He raises three claims challenging his designation as a career offender and accompanying sentence enhancement: (1) the residual clause in § 4B1.2(a) of the United States Sentencing Guidelines ("U.S.S.G.") is void for vagueness; (2) unarmed bank robbery is not a "crime of violence" under the elements clause of §4B1.2(a); and (3) unarmed bank robbery is not an enumerated offense in that section. For the reasons set forth below, this court recommends the motion be denied.

**BACKGROUND**

On March 1, 2007, the government indicted movant on three counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a) and one count of bank robbery involving assault,

1

under § 2113(a) and (d). (ECF No. 1.) Three months later, movant entered a guilty plea without a plea agreement to all counts. (ECF No. 16.) The presentence investigation report ("PSR") recommended that movant be considered a "Career Offender" under U.S.S.G. § 4B1.1, because the instant offenses were crimes of violence, and movant had at least two prior crimes of violence. (See ECF No. 59 at 29.) Those qualifying priors, according to the PSR, were three federal unarmed bank robbery convictions: two sustained in 1997 and one in 2007.

The term "crime of violence" is defined in U.S.S.G. § 4B1.2(a) as a crime "punishable by imprisonment for a term exceeding one year" and it:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the elements clause]; or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the residual clause].

U.S.S.G. § 4B1.2(a).

At sentencing in November 2008, movant contested his career offender status. He argued that these offenses did not separately qualify as predicate offenses because the 1997 offenses were part of a "common scheme or plan." See U.S.S.G. § 4B1.2 n.3 (2006). He also argued that the 2007 conviction was part of the same "common scheme or plan" as the instant bank robbery offenses. The court disagreed and adopted the finding that movant was a career offender with a guideline range of 188-235 months. (See ECF No. 59 at 29-30.) The court sentenced movant to 188 months to run concurrently with the 87-month sentence movant had already been serving on the 2007 robbery conviction.[1] (ECF No. 31.)

On appeal, the Ninth Circuit held that the 2007 conviction could not count as a career offender predicate. Nonetheless, the court held, the two 1997 bank robbery convictions were sufficient for the district court to determine movant was a career offender. United States v. Kercherval, 360 F. App'x 775 (9th Cir. 2009). In 2011, movant filed a pro se motion to vacate

---

[1] United States v. Kercherval, No. 3:06-cr-00166-ECR-RAM (D. Nev. ).

2

his sentence pursuant to 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel. (ECF No. 43.) The court denied the motion and declined to issue a certificate of appealability. (ECF No. 52.) The Ninth Circuit also denied movant's request for a certificate of appealability. (ECF No. 56.)

In 2015, the United States Supreme Court decided <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). The Court considered a due process challenge to the residual clause in the Armed Career Criminal Act ("ACCA") which defines a "crime of violence" with language identical to that used in U.S.S.G. § 4B1.2(a). On June 13, 2016, movant sought leave to file a second § 2255 motion based on <u>Johnson</u>. (ECF No. 59.) On January 24, 2017, the Ninth Circuit granted that request. (ECF No. 58.) In August 2017, this court directed the government to answer the motion. (ECF No. 63.) On October 3, 2017, the government filed an answer. (ECF No. 68.) Movant did not file a reply.

## MOTION TO VACATE

Movant claims that none of the definitions for a "crime of violence" in § 4B1.2 of the U.S.S.G applies to his crimes. First, he contends that the decision in <u>Johnson</u> should apply to the identical language used in the residual clause of § 4B1.2(a)(2) and this court should find that clause is vague in violation of the Due Process Clause. In his second and third claims, he alleges that unarmed bank robbery is not a crime of violence under either the elements clause or the enumerated offenses clause. Therefore, movant contends his career offender designation should be revoked and he should be resentenced accordingly.

The government filed a one-page response. It noted that after movant filed his § 2255 motion, the United States Supreme Court issued a decision that forecloses his first claim. Movant did not file a reply.

**I.     Standards for Motions Pursuant to 28 U.S.C. § 2255**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. <u>United States v. Monreal</u>, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the sentencing court may grant relief if it concludes

that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. Davis v. United States, 417 U.S. 333, 344-45 (1974); United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).

To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis, 417 U.S. at 346; see also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).

## II. Challenge to the Residual Clause

Movant argues that the career offender enhancement applied to his sentence for "crimes of violence" is invalid because it relied upon the residual clause in § 4B1.2(a)(2), which is unconstitutionally vague. After movant filed his motion, the United States Supreme Court held in Beckles v. United States, 137 S. Ct. 886 (2017) that because the U.S.S.G. are advisory in nature they are not subject to challenges for vagueness under the Due Process Clause.

The Court specifically held that U.S.S.G. § 4B1.2(a) is not void for vagueness. Accordingly, based on Beckles, movant's claim should be denied. See United States v. Hill, ___ F.3d ___, 2019 WL 471559, at *3 (9th Cir. 2019) (movant's argument that the definition of "crime of violence" in U.S.S.G. § 4B1.2(a) is vague is "foreclosed" by Beckles); United States v. Swanson, 744 F. App'x 527 (9th Cir. 2018) (same); United States v. Garcia, No. 2:14-cr-0294 MCE EFB P, 2018 WL 6065382, at *3 (E.D. Cal. Nov. 20, 2018) (same), rep. and reco. adopted, 2019 WL 246653 (E.D. Cal. Jan. 17, 2019).

## III. Remaining Claims

Movant argues in his two remaining claims that his crimes are not "crimes of violence" under the elements clause of U.S.S.G. § 4B1.2(a)(1) and are not enumerated offenses under § 4B1.2(a)(2). Because this court finds above that movant's challenge to the residual clause is

4

unavailing, movant was properly classified as a career offender and the court need not reach these two remaining claims.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (ECF No. 59) be denied; and

1. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-3060 WBS DB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 14, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/kerc0074.fr

5